MICHAEL J. FLYNN, JOHN B. MULVANEY, FRANCIS J. GILROY, ERNEST ZOPPI, EMMA R. GILROY, LOUIS STROMP AND WILLIAM GIST, PETITIONERS-APPELLANTS, v. LEWIS D. MEGARO, MOVANT-INTERVENOR, v. CIVIL SERVICE COMMISSION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued October 26, 1970—Decided November 10, 1970.

Before Judges GOLDMANN, LEONARD and MOUNTAIN.

*Mr. Steven C. Rother* argued the cause for appellants.

*Mr. Paul Alongi* argued the cause for intervenor (*Messrs. Alongi & Bregg,* attorneys).

*Mr. George F. Kugler, Jr.,* Attorney General, filed a statement in lieu of brief on behalf of respondent (*Ms. Colette Coolbaugh,* Deputy Attorney General, of counsel).

The opinion of the court was delivered by
GOLDMANN, P. J. A. D. Initially, plaintiffs appealed to this court from the denial of the relief they requested of

the Civil Service Commission by a petition dated May 10, 1968, that the Commission refrain from promulgating an eligible list of court clerks based on examination C1530 and that the county clerk replace temporary court clerks with those on the C880X list, which lists are explained hereafter. The Commission's determination to use list C880X to make immediate appointments and fill current vacancies has resulted in a changed situation which requires a somewhat extended explanation.

On August 7, 1967 the Civil Service Commission announced an examination for the position of Essex County court clerk (knowledge of typing), No. C880X. Petitioners took the examination and a certified list of eligibles was subsequently released, the list to expire January 19, 1970. The county clerk had specifically requested that a knowledge of typing be one of the qualifications for the examination.

On January 11, 1968 the Commission announced that there would be an examination for Essex County court clerk, No. 1530, without the typing requirement that the county clerk, as appointing authority, had requested but which the Commission refused to adopt.

On February 23, 1968 petitioners instituted a proceeding in lieu of prerogative writs in the Law Division (Docket L–20929–67P.W.) alleging violation of *N. J. S. A.* 11:22–32, which reads, in pertinent part:

\* \* \* Appointments shall be made from the eligible list most nearly appropriate, and a new and separate list shall be created for a stated position only when no appropriate list exists from which appointment may be made.

The complaint sought to enjoin examination C1530 and to replace all temporary clerks with qualified persons from the C880X "knowledge of typing" list. On learning that the C1530 examination was to be held on April 19, 1968, petitioners by motion sought to have the Law Division enjoin the holding of the examination pending the suit. Defendant Civil Service Commission filed a cross-motion to

dismiss the complaint, which motion was granted for failure to exhaust administrative remedies and for lack of subject matter jurisdiction.

The C1530 examination was held as scheduled. Then followed the May 10, 1968 petition referred to in our opening paragraph, requesting the Commission to appoint from the C880X list and that an eligible list based on the April 19 examination not be certified. Despite petitioners' requests for an early hearing, the Commission on June 13, 1968 notified those who had participated in the April 19 examination that an eligible list based thereon had been certified — an action which petitioners deemed to be a denial of the relief they had requested and which resulted in their filing a notice of appeal with this court. They also immediately moved to have us enjoin the Commission from proceeding with appointments to the position of court clerk from the C1530 list, pending disposition of the appeal. They also moved for permission to present evidence before the Commission. We granted both motions.

On July 11, 1968 the Chief Examiner and Secretary of the Commission informed petitioners' attorney that the Commission, after careful consideration of all the pertinent facts, had concluded that the C880X list was the most appropriate in the circumstances and that the Department of Civil Service was prepared to declare it so and to certify from the list. However, no certifications could be made until the pending appeal was determined or withdrawn. Shortly after this Lewis D. Megaro, who had successfully taken the C1530 examination, filed a motion to intervene and seeking an *ad interim* stay and leave to present additional evidence. We granted the motion.

Civil Service Commissioner Ballan held hearings pursuant to our orders and on March 4, 1970 handed down his determination, electing to make findings of fact and conclusions of law in order to avoid further delays, and this despite some disagreement on the part of counsel who participated at the hearings. He found the typing require-

ment reasonable and that the county clerk, in requesting such skill, did so in good faith and in the exercise of proper discretion.

Petitioners' original brief argued in favor of the Commission's determination. However, intervenor Megaro contends that the "knowledge of typing" requirement for the position of court clerk is unnecessary and not a sufficient reason for disregarding the C1530 list for immediate appointments and the filling of current vacancies. By supplemental brief petitioners call attention to the fact that on May 22, 1970 the Commission certified eligibles from the C880X list, despite the existence of our restraints and the fact that the list had expired on January 19, 1970 and had not been extended in accordance with the requirements of *N. J. S. A.* 11:9–10. The Commission, which (as Commissioner Ballan stated) "had acted in a somewhat inconsistent manner in scheduling [the] two examinations," realized that it had acted improvidently and thereupon on May 28, 1970 cancelled the certifications.

Fearing that once this litigation terminated the Commission would certify all names on the C880X list, petitioners contend that they and they alone should enjoy the fruits of victory, and no one else be certified or appointed from the C880X list.

Petitioners, having been successful before the Commission, now defend its determination except for the limitation they would impose upon the use of the C880X list, as argued in their supplemental brief. It is the intervenor who attacks the Commission determination, claiming that (1) knowledge of typing is an unreasonable requirement for the position of court clerk, and (2) examination C1530, having been held in good faith, could not be ignored by the Commission.

█ The record clearly indicates that typing is a reasonable requirement for a court clerk, and we concur in the Commission's finding. Typing was requested by the appointing authority, the county clerk, who was in the best posi-

tion to know what the position required. The Commission, in acceding to his request when it scheduled examination C880X, exercised the wide administrative discretion lodged in it by the Legislature with respect to the formulation and administration of civil service examinations. An appellate court will not intervene to nullify a civil service examination absent a clear showing that the Civil Service Department abused its discretion. *Zicherman v. Department of Civil Service,* 40 *N. J.* 347, 350–351 (1963), and the cases there cited.

We find no reason why the C1530 examination should have been announced and held when it was. The positions involved were precisely the same, court clerk. The qualifications for C1530 were admittedly the same except for typing, a skill which the county clerk had insisted upon throughout. An explanation for the second examination was sought to be given by the Principal Personnel Technician in the Civil Service Department, whose duties involved the supervision of other technicians engaged in classifying positions, conducting desk audits and processing other personnel matters. He admitted that the Department defers in many situations to the appointing authority. He explained that a desk audit in the county clerk's office was conducted on June 24, 1968. This was more than five months after the C1530 examination was announced and two months subsequent to the holding of that examination. The audit showed that there were some 14 temporaries serving as court clerk who did not have typing experience, and it was based on this fact (so the witness said) that an examination had been called with the typing requirement omitted. This rationalization is after the fact: the examination is first held, and then an audit conducted to justify it.

One of the witnesses at the Commission hearing was the Director of Classification of the North Jersey area. His surprising testimony was that administrative policy, as far as he knew, had for the past 23 years been to ignore *N. J. S. A.* 11:22–32, quoted above. He insisted that, in

any event, the statute did not apply since the addition of typing rendered the two positions different and therefore separate. He argued that the typing requirement was unreasonable. We cannot accept that conclusion, nor can we excuse any ignoring of the provisions of *N. J. S. A.* 11:22–32 if, indeed, the Department has done so.

One, and only one, examination was called for — C880X. A court clerk with typing ability is certainly a better equipped person for the job than someone who might be appointed from the C1530 list, which did not require typing.
▪ We turn to petitioners' argument that if appointments are made from the C880X list they are to be the sole beneficiaries of this litigation. Either the list as promulgated is good for all or invalid for all.

In *Marranca v. Harbo,* 41 *N. J.* 569 (1964), the court dealt with *N. J. S. A.* 11:22–33 which provides that

When an eligible list has been established by the commission for any position or employment in the service of any county, municipality or school district, and a proceeding has been instituted in any court of record, with respect to the filling of any position or employment from such eligible list, such *list* shall not expire during the period in which such litigation is pending but shall be extended from the time of the entry of judgment for a period of time equal to the period during which such proceeding or litigation was pending. [Emphasis added]

The court said that the statute was clear enough: "justice should not be denied because the list expired during the pendency of the litigation" (at 573).

*Marranca* does not factually stand for the position which petitioners would have us take. In that case at the time of the litigation plaintiff had moved to a priority position on the first promotional list, and nowhere in the facts does it appear that there were any other persons on that list who were available and desirous of promotion to sergeant. The issue petitioners raise was obviously not involved in *Marranca.*

It was only because of the Commission's mistaken procedures that those who had successfully attained the C880X

eligible list were prejudiced by its expiration. Petitioners may have carried the brunt of the litigation, but it would be unfair to those who successfully passed the C880X examination to be passed over in favor of petitioners alone. We cannot accept so harsh a result.

We accordingly conclude that list C880X should be used to make immediate appointments and to fill current vacancies.

Affirmed.